IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARWIN GENE DAMEWOOD,

Plaintiff,

v.                                     CASE NO. 06-3205-SAC

STATE OF KANSAS, et al.,

Defendants.

O R D E R

This matter is before the court on a civil complaint filed pro se by a person confined in the Larned States Security Hospital for treatment as a sexually violent predator. *See* Kansas Sexually Violent Predators Act, K.S.A. 59-29a01 *et seq.*(civil action for involuntary commitment of certain classes of sex offenders). Having reviewed plaintiff's available financial assets, the court liberally construes plaintiff's pleadings as seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915, and the court grants this motion.[1]

Plaintiff claims he is being unlawfully held financially responsible for court ordered evaluations in 2005, and for his involuntary confinement and treatment beginning January 2006. Plaintiff contends the State of Kansas is responsible for the cost of plaintiff's treatment pursuant to his involuntary commitment, and claims the State's billing of plaintiff for these services violates Kansas law. He seeks a court order to stop defendants from further billing him for expenses he claims are not his responsibility, and

---

[1]Because plaintiff is not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions in § 1915(b) do not apply.

damages for his emotional pain and suffering.

Having reviewed plaintiff's pleadings, the court finds this action is subject to being dismissed because this court has no jurisdiction to consider plaintiff's claims.

Article III federal courts are courts of limited jurisdiction. By enacting 28 U.S.C. § 1331, Congress authorized "federal question jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." Enactment of 28 U.S.C. § 1332 authorized "diversity jurisdiction" in federal courts to hear state causes of action if the parties have diverse citizenship, and the amount in controversy exceeds $75,000.

The existence of subject-matter jurisdiction is a threshold inquiry which must precede any merits-based determination. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998). Subject matter jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings. See McAlester v. United Airlines, Inc., 851 F.2d 1249, 1252 (10th Cir. 1988). A federal district court must dismiss a complaint if the complaint does not state a basis for federal jurisdiction. Bell v. Hood, 327 U.S. 678, 681-82 (1946).

In the present case, plaintiff asserts diversity jurisdiction under § 1332, but cites a "diversity of authority" rather than diverse citizenship of the parties.[2]  Indeed, plaintiff and all named defendants clearly appear to be Kansas residents or entities.

---

[2]Plaintiff seeks $75,000 in damages for his emotional turmoil. Section 1332(a) requires that "the matter in controversy *exceeds* the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)(emphasis added).

The court thus finds no valid basis is presented for establishing diversity jurisdiction pursuant to § 1332.

Nor does the face of the complaint suggest any basis for establishing federal question jurisdiction under § 1331 for this court to examine plaintiff's allegations of state law violations. While there is jurisdiction under § 1331 to seek relief under 42 U.S.C. § 1983 for the alleged violation of plaintiff's rights under the United States Constitution or *federal* law, Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970), plaintiff's allegations of being unlawfully billed for future payment of his treatment costs suggest no cognizable claim for relief under § 1983. *See* Jones v. City & County of Denver, Colo., 854 F.2d 1206, 1209 (10th Cir. 1988)(§ 1983 provides relief for violations of federal law by individuals acting under color of state law, but provides no basis for relief for alleged violations of state law).

The court thus finds the complaint is subject to being dismissed absent amendment of the complaint to establish this court's subject matter jurisdiction to consider plaintiff's claims. *See* Fed.R.Civ.P. 12(h)(3)("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). *See also* 28 U.S.C. 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely amended complaint may result in the complaint being dismissed without prejudice for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to amend the complaint to avoid dismissal of the complaint for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 2) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 18th day of August 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge